FILED'09 DEC 18 14:01USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA                          09-CR-40(1)-BR

               Plaintiff,                       ORDER

v.

HAROLD JAMES NICHOLSON,

               Defendant.


**KENT S. ROBINSON**
Acting United States Attorney
**PAMALA R. HOLSINGER**
**ETHAN D. KNIGHT**
Assistant United States Attorneys
1000 S.W. Third Ave., Suite 600
Portland, OR  97204
(503) 727-1000

       Attorneys for Plaintiff


1 - OPINION AND ORDER

**SAMUEL C. KAUFFMAN**
Garvey Schubert Barer
Eleventh Floor
121 S.W. Morrison St.
Portland, OR 97204
(503) 228-3939

　　　　　Attorneys for Defendant

**BROWN, Judge:**

This matter comes before the Court on Defendant Harold James Nicholson's Discovery Motion (#59).  The Court concludes the record is sufficient for the Court to decide the Motion without argument.  For the following reasons, the Motion is **GRANTED in part** and **DENIED in part**.


**DISCUSSION**

Defendant moves the Court for an Order requiring the government to produce pretrial records, documents and/or other information (collectively referred to as evidence) relating to "specific," "general," and "expert" evidence that is discoverable under Federal Rule of Criminal Procedure 16(a)(disclosure of statements made by Defendant); the Jencks Act, 18 U.S.C. § 3500 (disclosure of statements of witnesses who have testified at trial); *Brady v. Maryland*, 373 U.S. 83 (1963)(disclosure of exculpatory evidence); and *Giglio v. U.S.*, 405 U.S. 150 (1972)(disclosure of evidence affecting witness credibility such

as promises, inducements, or threats made by the government to witnesses who have testified at trial).

**A.    Specific Evidence.**

Defendant requests discovery as to the following specific evidence:

1.    Defendant's Offers to Assist the Government
      (Req. 1 and 2).

Although the government asserts such evidence is irrelevant, it has, nonetheless, provided all such evidence in its possession.  Accordingly, the Court **denies** Defendant's request **as moot.**

2.    Records of Fellow Inmate Interviews (Req. 3).

Although the government asserts such evidence is irrelevant, it has, nonetheless, provided all such evidence in its possession.  Accordingly, the Court **denies** Defendant's request **as moot.**

3.    Government Contacts With and Information Received
      from the Russian Federation about Nicholson (Req. 4-5).

The government asserts it does not have any such evidence. The Court **denies** Defendant's requests **as moot.**

4.    Defendant's Polygraph Examination Records relating to
      his 1997 Guilty Plea to Conspiracy to Commit Espionage
      (Req. 6).

The government contends the evidence is irrelevant and assumes Defendant's request is based on an unfounded theory that

the government believes Defendant was attempting to recontact the Russian Federation in order to pass on classified information that he had withheld at the time of his original arrest.  The government, however, represents Defendant's theory is, in fact, unfounded, and, in particular, the government notes the present Indictment does not involve any such allegation.  Based on this record, the Court **denies** Defendant's request.

**B.**    **General Evidence.**

Defendant requests discovery of the following general evidence or a certification from the government that each requested item has been produced:

1.    Defendant's Written Statements (Req. 1).

The government certifies all such evidence has been produced.  The Court **denies** Defendant's request **as moot.**

2.    Records of Government Eavesdropping and Electronic Surveillance (Req. 2).

The government certifies all such evidence has been produced.  The Court **denies** Defendant's request **as moot.**

3.    Identification of and Role Played by Informants in the Government's Investigation (Req. 3-4).

The government asserts such information is not discoverable unless and until the informant is called to testify at trial. *Roviaro v. U.S.*, 353 U.S. 53, 60-61 (1957).  The Court agrees. The Court **denies** Defendant's requests **as premature.**

4 - OPINION AND ORDER

4.    <u>Favorable/Exculpatory Evidence as to Defendant
(Req. 5).</u>

The government discusses its disclosure obligations as
to this type of evidence, but asserts such information is
material only to the extent that its nondisclosure "undermines
confidence in the outcome of the trial" or results in the denial
of Defendant's right to a fair trial.  *See Brady,* 373 U.S.
at 87.  *See also U.S. v. Bagley,* 473 U.S. 667, 678 (1985).  The
government does not state whether it possesses documents that
fall within the disclosure parameters set forth in *Brady* and
*Bagley.*

The Court **grants** Defendant's request to the extent the
government possesses evidence that is discoverable under *Brady*
and *Bagley.*  The Court will conduct an *in camera* review of such
evidence if the government asserts such review is necessary to
determine whether such evidence is discoverable.

5.    <u>Witness Impeachment Evidence (Req. 6-13, 17-21).</u>

In these multiple requests, Defendant seeks *Giglio*-type
impeachment evidence as to the government's prospective
witnesses, including criminal convictions, arrest records,
criminal cases that have been dismissed, plea bargains or other
similar agreements, other benefits (*e.g.,* financial) offered in
exchange for past or future testimony, prior crimes that were not
prosecuted, psychological impairments potentially impairing  the

5  - OPINION AND ORDER

ability of witnesses to testify accurately or truthfully, biases or prejudices, and the results of witness polygraph examinations. *See Giglio,* 405 U.S. at 154-155.  The government states it will provide this information.

Accordingly, the Court **grants** Defendant's requests to the extent the government possesses such evidence.

      6.   Prior Statements of Witnesses (Req. 14-16, 18).

Defendant seeks *Jencks* evidence of prior statements of prospective witnesses that show a bias or prejudice, are inconsistent with their proposed testimony, or are inconsistent with the proposed testimony of other persons.  The government asserts such evidence has been and will continue to be disclosed to Defendant.

Accordingly, the Court **grants** Defendant's request to the extent the government possesses such evidence and has not yet produced it.

**C.**    **Miscellaneous Requests.**

      1.   Fed. R. Evid. 404(b) - Defendant's prior/subsequent bad acts (Req. 1).

Defendant seeks disclosure of all evidence of his alleged prior or subsequent bad acts that the government intends to use at trial.  The government has not responded to this Request.

The Court **grants** Defendant's request to the extent the government intends to use such evidence at trial.

6 - OPINION AND ORDER

2.    <u>Fed. R. Crim. P. 12(b)(4) - Notice of Intent to Use Physical Evidence (Req. 2)</u>.

Defendant seeks notice as to whether the government intends to use certain physical evidence or statements, thereby allowing Defendant the opportunity to move to suppress such evidence.  The government has not responded to this request.

The Court **grants** Defendant's request to the extent the government intends to use such evidence at trial.

3.    <u>Notice/Summary of Expert Testimony (Req. 3)</u>.

Defendant seeks disclosure of the conclusions and findings of any expert witness the government intends to call even if the expert has prepared a written report.  The government asserts it intends to comply with the disclosure requirements set forth in Federal Rule of Criminal Procedure 16(a)(1)(F) and (G) relating to Reports of Examinations and Tests and any written summaries of expert-witness testimony.

The Court, therefore, **grants** Defendant's request.


**CONCLUSION**

For these reasons, the Court **GRANTS in part** and **DENIES in part** Defendant Harold James Nicholson's Discovery Motion (#59).

The Court directs counsel to confer to determine a reasonable deadline by which the government shall provide the

discovery ordered in this matter and to inform the Court no later than December 23, 2009, of their proposed deadline.

IT IS SO ORDERED

DATED this 18th day of December, 2009.


ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER