FILED'10 FEB 25 15:11 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,   09-CR-40(1)-BR

       Plaintiff,   ORDER

v.

HAROLD JAMES NICHOLSON,

       Defendant.

DWIGHT C. HOLTON
United States Attorney
PAMALA R. HOLSINGER
ETHAN D. KNIGHT
Assistant United States Attorneys
1000 S.W. Third Ave., Suite 600
Portland, OR 97204
(503) 727-1000

       Attorneys for Plaintiff

1 - ORDER

**SAMUEL C. KAUFFMAN**
Garvey Schubert Barer
Eleventh Floor
121 S.W. Morrison St.
Portland, OR 97204
(503) 228-3939

Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on the government's Motion to Amend/Correct (#93) the Court's Order (#86) issued on December 18, 2009, regarding Defendant Harold Nicholson's Motion for Discovery (#59) in which the government seeks clarification of some of the Court's rulings. On February 12, 2010, the Court held a hearing on the government's Motion. The Court **GRANTS** the government's Motion to the extent that the Court clarifies its prior Order as follows:

1. Unclassified Information.

The government's disclosure obligation in response to Defendant's specific Motion for Discovery applies only to unclassified information.

2. Defendant's Offers to Assist the Government

The government objects to the production of evidence of Defendant's offers to assist the government during the period when the government alleges that Defendant conspired to assist agents of a foreign power and to engage in other criminal acts.

The Court overrules the government's objection.  No later than March 5, 2010, the government shall provide to defense counsel all unclassified documents or other records reflecting proposals or offers by Defendant to assist the government in some manner from January 1, 2005, until the time of the events alleged in the Indictment in this case.

3.   Records of Fellow Inmate Interviews.

The government has provided to Defendant all responsive unclassified investigative reports of inmate interviews conducted as part of the FBI investigation in this case that are in the government's possession.  The government shall continue to provide all such evidence to defense counsel on a timely basis.

4.   Defendant's Written Statements.

The government asserts all such evidence in its possession has been disclosed to defense counsel.  The government shall ensure all written statements and correspondence from Defendant in existence as of February 12, 2010, are produced to defense counsel no later than March 5, 2010.  The government also shall ensure Defendant's future written statements and correspondence are gathered by the government and produced to defense counsel in a timely manner.

5.   Records of Government Eavesdropping and Electronic Surveillance.

The government certifies no unclassified interceptions occurred pursuant to Title III of the Electronic Communications

3 - ORDER

Privacy Act, 18 U.S.C. §§ 2510, *et seq*.  The government also certifies all such declassified evidence obtained pursuant to the Foreign Intelligence Surveillance Act, 50 U.S.C. § 1801, *et seq.*, has been produced.

IT IS SO ORDERED.

DATED this 25th day of February, 2010.

_____
ANNA J. BROWN
United States District Judge

4 - ORDER